```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------
NEEL KANCH SOORSATTIE,

                Petitioner,        15 CV 7595 (JGK)

      - against -                 **MEMORANDUM OPINION AND ORDER**

CHRISTOPHER SHANAHAN, ET AL.,

                Respondent.
------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, Neel Kaach Soorsattie, challenged his detention by ICE and sought an order from this Court that he be given a bail hearing. Dkt. Doc. 1. The Government opposed his motion arguing that it should be denied on the merits, or in the alternative, that the case should be transferred to the District of New Jersey because the petitioner had improperly filed the petition in the Southern District of New York.

    On October 30, 2015, the Court received a letter from the Government informing the Court that an immigration judge granted Soorsattie cancellation of removal, and that ICE would not be appealing the order. Soorsattie was subsequently released. The Government requested that the Court deny Soorsattie's habeas petition and dismiss this action as moot.

    Under Article III of the Constitution, this Court only has jurisdiction over live cases and controversies. U.S. Const., art. III, § 2. The petitioner's release from ICE custody terminated his detention. The petitioner previously sought to be released on

bail, and as a result of his release, the petitioner no longer has a redressable injury. The petitioner has not demonstrated a concrete and continuing injury because the only relief he sought has already been granted by the immigration judge. See Watson v. Orsino, No. 13cv1631 (LGS), 2013 WL 4780033, at *1 (S.D.N.Y. May 31, 2013). Thus, because there is no case or controversy, the petition for habeas corpus is dismissed as moot. See Pierrilus v. U.S. Immigration & Customs Enforcement, 293 F. App'x 78, 79 (2d Cir. 2008) (summary order) (holding that a petitioner's challenge to the length of his detention was moot because the petitioner was released from Department of Homeland Security custody); Nkemakolam v. Decker, No. CIV. 3:CV-05-1043, 2005 WL 2715905, at *2 (M.D. Pa. Oct. 21, 2005).

  The Clerk is directed to dismiss the petition, to close all pending motions, and to close the case.

**SO ORDERED.**

**Dated:** **New York, New York**
    **November 2, 2015**

               _____/s/_____
                  **John G. Koeltl**
               **United States District Judge**